Young, Justice, delivered the opinion of the court: This case was submitted'by agreement for the opinion of the circuit court of Madison county upon the following statement of facts: Kitchell, as attorney-general, Miller as sheriff, and Brown as clerk, presented, fee bills to the county commissioners’ court of Madison county, for allowance against the county, for services rendered as such officers, in the case of John Smith and others, who had been indicted, convicted, and sentenced to the [*164] penitentiary for the crime of larceny, at the August term of the Madison circuit court, A. D. 1840; for the reason that the defendants were insolvent, and unable to pay the costs which had been adjudged against them. The county commissioners refused to make the allowance. The agreement of the parties, and the assignment of errors by the plaintiffs, present the single question, whether there is a legal obligation upon the county to pay such fees as are claimed by the plaintiffs, in cases of conviction in criminal cases where the defendant is insolvent and unable to pay the costs of the prosecution against him. The 11th section of the act of 1819, regulating the fees of the several officers therein named (R. L. 298 ; Gale’s Stat. 801), provided that the clerks and sheriffs should receive from the county treasury the fees to which they were entitled in criminal cases, in all cases where the defendant was acquitted, or unable to pay the costs in cases of conviction ; and the 5th section of the act of the same session, relative to the duties and fees of the attorney-general and circuit attorneys, made an allowance of five dollars to each, to be paid out of the county treasury, in all cases of indictment, where the accused was found not guilty by the jury. These provisions in the statutes referred to were subsequently repealed in January, 1821; and no allowance for such services has been made since that time in favor of the attorney-general or states’ attorneys, as a charge upon the county. So far as. clerks and sheriffs are concerned, an allowance was made for their benefit; by the act of February, 1827, regulating the fees of such officers (R. L. 288, 291 ; Gale’s Stat. 293), by which they are respectively entitled to a sum not exceeding thirty dollars per annum for the services performed by them in criminal cases, where the defendants are acquitted, or -otherwise discharged, without the payment of costs; but no such compensation is allowed where convictions are had, and the defendants are unable to pay the costs of the prosecution. The fact that such charges were formerly required to be paid by the county, and subsequently disallowed by the repeal of the laws which authorized their payment, is conclusive evidence with the court that the legislature intended to discontinue such allowances in future, and that consequently the county of Madison is under no legal obligation to pay the fees in question. It is provided by § § 181, 182, of the criminal code of 1833 (R. L. 214-15; Gale’s Stat. 233), that the court shall give judgment in criminal cases, that the person convicted shall pay the costs of the prosecution, and that lien shall be created on his real and personal estate from the time of his arrest, or from the time of finding the indictment, to a sufficient extent to satisfy the fine, if any, and costs of prosecution. The officers interested must therefore look to the defendant’s estate for their costs, and run the risk of losing them if he should chance [*165] to be insolvent. When compensation has been allowed to such officers, without any provision by law for that purpose, it is where the services were specially rendered for the benefit of the county, and for which no other provision had been made, as in the cases cited in 2 Wend. 533, and 18 Johns. 243. But no case has been referred to, where such compensation has been allowed for services rendered by such officers, in the course of judicial proceedings, in criminal cases. It has been repeatedly decided by the supreme court of the United States, that the United States never pay costs in any suit. And in the case of Rawley v. The Board of Commissioners of Vigo county (2 Blackf. 355), the supreme court of Indiana decided, in a ease where Rawley, as constable, claimed fees for services rendered the county of Vigo, that neither a state, nor a county is bound by law to pay the fees and charges of the officers, in cases of prosecutions on behalf of the state, in which such prosecution fails. This is a case directly in point. In view of these authorities, and in the absence of all legislative enactment, requiring such fees to be audited and paid as a part of the contingent expenses, of the county, the court is of opinion that the county commissioners acted correctly in refusing to make the allowance, and that the judgment of the court below ought to be affirmed. Judgment affirmed.